**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DESMOND CHARLES LAWRENCE,
<u>Plaintiff-Appellant,</u>

v.

                                          No. 97-6429

SWANSON INMATE COMMISSARY
SERVICES, in its official and
individual capacity,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-97-430-3-19BC)

Submitted: March 31, 1998

Decided: June 4, 1998

Before WIDENER, WILLIAMS, and MOTZ,
Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Desmond Charles Lawrence, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Desmond Lawrence brought this 42 U.S.C. § 1983 (1984) action alleging that while he was incarcerated at the Richland County Detention Center the Defendant seized money from his prison account. Lawrence contended that the taking was authorized and in accordance with the Defendant's established policies and procedures. Lawrence claimed that the seizure of his money violated his procedural due process rights. He sought return of the money and compensatory and punitive damages.

A magistrate judge found that Lawrence had not stated a claim under § 1983 because he had an adequate postdeprivation remedy under South Carolina state law. The magistrate judge recommended that the district court dismiss the action. Lawrence objected, again stressing that the Defendant took his money pursuant to authorized policies. The district court accepted the recommendation and entered judgment for the Defendant. Lawrence timely appealed.

The district court found that Lawrence had failed to state a claim because he had an adequate remedy at state law to redress his loss. However, the cases upon which the court relied to reach its decision apply only when the deprivation of property is random, unauthorized, and not pursuant to established state procedure. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). In this case, Lawrence has alleged that the taking was pursuant to established policies. Thus, the availability of Parratt-type postdeprivation remedies is irrelevant. See Zinermon v. Burch, 494 U.S. 113, 136-38 (1990) (Parratt and Hudson apply to situations where it is truly impossible for the state to provide predeprivation process before a person is unpredictably deprived of his liberty or property by the unauthorized conduct of a state actor).

2

Lawrence does not allege what policy or regulation authorizes the seizure. It may be that the district court knows that no such policy or regulation exists. If so, of course, this would provide a basis for dismissal. However, we cannot discern this from the record before us. Certainly the district court either <u>sua sponte</u> or on Defendant's motion can order Lawrence to cite and state the precise policy or regulation on which he relies.

We express no opinion on the merits of the case. We vacate that portion of the order of the district court that accepts the report of the magistrate, overrules Lawrence's objections, and dismisses the action, and remand for application of the correct legal standard and further factual development of the record, if this is necessary. We affirm the remainder of the order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. The motion for appointment of counsel is denied.

<u>AFFIRMED IN PART AND VACATED AND REMANDED IN PART</u>

3